# EXHIBIT A

Case 3:16-cv-02211-RPC   Document 1-2   Filed 11/02/16   Page 1 of 16

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet
LACKAWANNA County

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**For Prothonotary Use Only:**
Docket No: 16 CV 5473

[Stamp: MAURI B. KELLY, LACKAWANNA COUNTY, 2016 SEP 27, JUDICIAL RECORDS CIVIL DIVISION]

## SECTION A

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Transfer from Another Jurisdiction
- [ ] Petition
- [ ] Declaration of Taking

**Lead Plaintiff's Name:** JUSTIN BOYCKO
**Lead Defendant's Name:** MONTGOMERY WARD ET AL

**Are money damages requested?** [X] Yes  [ ] No
**Dollar Amount Requested:** (check one) [X] within arbitration limits  [ ] outside arbitration limits

**Is this a Class Action Suit?** [X] Yes  [ ] No
**Is this an MDJ Appeal?** [ ] Yes  [X] No

**Name of Plaintiff/Appellant's Attorney:** JOE T. SUCEC ESQ.
[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other _____
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [X] Other: _____

*Updated 1/1/2011*

Joseph T. Sucec, Esq.
Attorney for Plaintiff
325 Peach Glen-Idaville Road
Gardners, PA 17324
717-315-2359
joesucec@comcast.net
PA74482

## IN THE COURT OF COMMON PLEAS
## LACKAWANNA COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN BOYKO<br>    plaintiff,<br>v.<br>MONTGOMERY WARD, INC.<br>One Montgomery Ward Place<br>Chicago, Il 60671<br>    defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. 16 CV 5473<br><br><br>CIVIL ACTION - LAW<br>CLASS ACTION<br>JURY TRIAL DEMANDED |

### NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lackawanna Pro Bono, Inc.
321 Spruce St
Scranton, PA 18503
570-961-2714

North Penn Legal Services
Suite 300, 507 Linden Street
Scranton, PA 18503
Phone: (570) 342-0184 (800) 982-4387
 Fax: (570) 342-4301

Joseph T. Sucec, Esq.
Attorney for Plaintiff
325 Peach Glen-Idaville Road
Gardners, PA 17324
717-315-2359
joesucec@comcast.net
PA74482

MAURI B. KELLY
LACKAWANNA COUNTY
2016 SEP 27 A 11: 24
JUDICIAL RECORDS
CIVIL DIVISION

IN THE COURT OF COMMON PLEAS
LACKAWANNA COUNTY, PENNSYLVANIA

JUSTIN BOYKO
    plaintiff,
v.
MONTGOMERY WARD, INC.
One Montgomery Ward Place
Chicago, Il 60671
    defendant

No. 16 CV 5473

CIVIL ACTION - LAW
CLASS ACTION
JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1    JUSTIN BOYKO ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of MONTGOMERY WARD, INC. ("Defendant"), in negligently, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq., ("TCPA"), the FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1691 et seq. ("FDCPA"), and several state causes of action. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### JURISDICTION AND VENUE

2       Jurisdiction is proper under 42 Pa. Code 931, which grants plenary jurisdiction to the Court of Common Pleas, and based on **Yellow Freight Systems, Inc. v. Donnelly, 494 US 820, 822 (1990)**, allowing federal claims to be brought in state court where federal court jurisdiction has not been made exclusive.

3       Because Plaintiff avers and alleges a state-wide class of victims of violations of both federal statutes by Defendant, and avers that said class meets the criteria for class actions related in 231 Pa. Code 1700 et seq, (explained in detail in ensuing paragraphs), jurisdiction is also asserted for the Court of Common Pleas.

4       Further, Plaintiff Venue is proper in the Court of Common Pleas of this county as Plaintiff was at all times relevant, and still is, a resident of Lackawanna County, Pennsylvania

**PARTIES**

5       Plaintiff is, and at all times mentioned herein was, a citizen and resident of the Commonwealth of Pennsylvania and, for the purposes of the statute purported to be violated here, a "person" as defined by 47 U.S.C. § 153 (10).

6       Defendants are the following:

   a    MONTGOMERY WARD, INC., One Montgomery Ward Place, Chicago, IL 60671, is a corporate entity engaged in. among other enterprises, collection of allegedly overdue credit accounts individuals, and is similarly defined as a "person."

   b    John Does 1-10, individuals or business entities whose identities are not

known to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts (regarding all counts) described in this complaint.

c   X,Y,Z Corporations, business identities whose identities are not known to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts (regarding all counts) described in this complaint.

## FACTUAL ALLEGATIONS

7   Plaintiff is, and at all times mentioned herein was, a "person" as defined by 17 U.S.C. § 153 (10).

8   Defendant is, and at all times mentioned herein was, a corporation and a "person" as defined by 17 U.S.C. § 153(10)

9   Defendant does substantial business in the Commonwealth of Pennsylvania.

10   Plaintiff received numerous collection calls, on her mobile telephone, from Defendant, dating from approximately April 1, 2016, and continuing to the present day,

11   The number assigned to the source of the calls to Plaintiff was 877-621-3550, indicating said calls originated with Defendant

12   At no point did Plaintiff ever give permission, implied or express, to Defendant, to contact Plaintiff's mobile telephone period, much less via an automatic telephone dialing system.

13    Without such permission from Plaintiff, Defendant's actions are directly violative of 47 USC(b)(1)(A)(iii).

14    The telephone number that the Defendant, or its agents, called was assigned to Plaintiff via Plaintiff's mobile carrier, .

15    This unsolicited voice mail message placed to Plaintiff's cellular telephone was to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1). as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

16    Further, the voice mail was not for emergency purposes as defined by the statute.

17    Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

18    The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

19    Defendant knew or should have known that its actions violated both the TCPA and FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions into compliance with both the aforementioned federal statutes, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

20    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their

employment, and under the direct supervision and control of the Defendant herein.

21     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

22     As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, time wasted in answered and/or responding to said calls, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

23     Mutiple Federal Courts have held that the time-wasting associated with contacting persons/consumers satisfies the "concrete injury" requirements of Article III of the United States Constitution. **Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.**, 781 F.3d 1245, 1252 (11th Cir. 2015); also see **Booth v Appstack**, 2:13-cv-1533 (W.D. Wash. May. 24, 2016); **Rogers v. Capital One Bank**, 1:15-cv-4016 (N.D. Ga. June 7, 2016) (Article III standing based on personal telephones that "were not available for legitimate use" while harassing calls were occurring), **Mey v. Got Warranty**, 5:15-cv-101, (N.D. WVa. June 30, 2016) (Potential additional charges are a "concrete injury")

.COUNT I -
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

25      Plaintiff incorporates by reference all previous paragraphs of this Complaint as though fully stated herein.

26      The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

27      As a result of said violations, Plaintiff has sustained actual damages, including, but not limited to, time wasted in answered and/or responding to said calls, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and Plaintiff will continue to suffer same for an indefinite time in the future, all Plaintiff's great detriment and loss.

**COUNT II -**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 USC 1691 ET SEQ**

28      Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29      15 USC 1692d reads, in relevant part:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

   (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the

called number.

30     The actions of Defendant described in paragraphs 7-22 of this Complaint are abject violations of 15 USC 1692d(5)

31     As a result of said violations, Plaintiff has sustained actual damages, including, but not limited to, time wasted in answered and/or responding to said calls, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and Plaintiff will continue to suffer same for an indefinite time in the future, all Plaintiff's great detriment and loss.

## COUNT III -
## INVASION OF PRIVACY(INTRUSION ON SECLUSION)

32     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33     Defendant, by repeatedly contacting Plaintiffs during business hours on Plaintuff's cellular telephone line invaded Plaintiff's privacy.

34     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully below and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## COUNT IV -
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36    To prove a claim of Intentional Infliction of Emotional Distress, the following elements must be established:

(1) the conduct must be extreme and outrageous;

(2) it must be intentional or reckless;

(3) it must cause emotional distress;

(4) that distress must be severe.
Hooten v. Penna. College of Optometry, 601 F.Supp. 1151, 1155 (E.D.Pa.1984); Restatement (Second) of Torts s. 46.

37    Defendant deliberately flouted and violated Federal law for the reasons stated in paragraph 7 of this Complaint, an action both "extreme" and "outrageous".

38    Defendant's actions were either intentional, since, as a "bill collector", it has at least prescriptive knowledge of governing Federal statutes, or reckless, in that it chose to ignore said statutes, as well as failed to verify the identity of Plaintiff.

39     Defendant's conduct caused severe emotional distress to Plaintiff, including but not limited to physical and mental distress, loss of sleep, inability to function normally, stress-related ailments such as nausea and possibly hypertension, and other related maladies.

40     While Plaintiff cannot reasonably estimate the pain and suffering caused by Defendant's conduct, Plaintiff respectfully avers that the value is most likely within arbitration limits set by both local and Pennsylvania Civil Procedural Rules.

## COUNT V -
## NEGLIGENT VIOLATIONS OF
## THE FAIR CREDIT EXTENSION UNIFORMITY ACT

41     Plaintiff incorporates by reference all previous paragraphs of this Complaint as though fully stated herein.

42     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the FCEUA, including but not limited to 73 P.S. 2270.4 (b)(4)(v):

**(4) A creditor may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph:**

**(v) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number**

43     If, in the alternative, this court determines, that Defendant is a "creditor" rather that a "bill Collector." the FCEUA provides remedies for the same or similar violations by "creditors".

44    As a result of Defendant's negligent violations of 73 P.S. 2270.4, Plaintiff and The Class are entitled to any actual damages, including but not limited to, charges rendered on Plaintiff's cellular telephone bill as a result of the aforementioned behavior on the part of Defendants.

45    Punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious or so careless as to indicate wanton disregard for the rights of the parties injured.  **Restatement (Second) of Torts § 908 (1979); also see <u>Moran v. G. & W.H. Corson, Inc.</u>, 402 Pa.Super. 101, 586 A.2d 416 (1991)**.

46    Plaintiff submits that the "wanton disregard" of Plaintiff's rights is present, and therefore requests significant punitive damages to curtail the aforementioned behavior on the part of Defendants.

47    Plaintiff and the The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**JURY TRIAL DEMAND**

48    Plaintiff demands a trial by jury regarding this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following:

a. As a result of Defendants' negligent violations of  47 U.S.C. § 227 ET SEQ, 15 USC

1692d(5), and of varioud provisions of the FCEUA Plaintiff seeks for Plaintiff and each Class member any actual damages sustained as a result of Defendants' behavior violative of the statute, as well as relevant to the common law causes of action set forth here. Plaintiff estimates this total, including but not limited to lost time in dealing with said violations, and in seeking and contacting legal counsel for the purpose of exploring and commencing this litigation, at $1,000

b. Punitive damages of $12,000.

c. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as follows:

    1. Client consultation and review of file.　　2.5

    2.. Drafting of complaint, editing, review with client document processing and filing　　1.5

    3. Service of process of writ and complaint　　.25

    _____

    4.25 hours@$500/hour

For a total (attorneys fees) of $2,125.
For grand total of all damages of $14,125.
d. Injunctive relief prohibiting such actions by Defendant in the future.

fe Any other relief the Court may deem just and proper.

Respectfully submitted,

Date:

*/s/ Joseph T. Sucec*
Joseph T. Sucec, Esq.


VERIFICATION STATEMENT

I verify that the statements made in the complaint are true and correct to the best of my knowledge and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date:                                                            */s/ Justin Burke*